UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ana Lucia Martin Lopez

       v.                                           Civil No. 1:26-cv-158-SE-TSM

U.S. Immigration and Customs Enforcement
and Removal Operations,
Field Office Director, et al.

O R D E R

Ana Lucia Martin Lopez filed a petition for a writ of habeas corpus on March 2, 2026, contesting her detention and requesting, inter alia, a bond hearing. See doc. no. 1. The court thereafter ordered the respondents to show cause on or before March 9, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on her apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10–11 (D. Mass. Dec. 19, 2025), and/or her similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). See doc. no. 2.

The respondents filed their response to the order to show cause on March 10, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases, and object to the court granting relief to the petitioner. See doc. no. 4. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.[1] The response further concedes that the petitioner appears to be a member of the Guerrero Orellana class.

---

[1] The respondents do not attempt to distinguish Destino on the basis that the petitioner here appears to have never been previously apprehended by immigration authorities, so the court does not address this issue.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of her removal proceedings. The petitioner's request that this court order her immediate release, doc. no. 1 at 6, is denied without prejudice, as the court finds that a bond hearing before an IJ is sufficient to protect the petitioner's due process rights at this stage.

On March 18, 2026, the respondents gave this court notice of their intent to transfer the petitioner to a detention facility in Louisiana the week of March 22, 2026. Doc. no. 6. However, to facilitate the petitioner's appearance at the bond hearing ordered above, the respondents are ordered to provide the petitioner with a bond hearing before a Massachusetts IJ prior to transferring her outside of the District of New Hampshire. If the petitioner is granted bond, she may not be transferred before release absent further order of the court. The court finds that temporarily barring the petitioner's transfer is necessary to protect her due process right to a bond hearing at which the government will bear the burden of proof required in the First Circuit. See Hernandez-Lara, 10 F.4th at 41. The respondents shall file a notice acknowledging their

2

receipt of this order on or before March 20, 2026, and a status report within seven days, on or before March 26, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 19, 2026

cc:      Counsel of record.